**Arlene SEAL, Plaintiff,**

**v.**

**UNIVERSITY OF PITTSBURGH, G. Alec Stewart, Jack L. Daniel, Donald M. Henderson, Jerome Rosenberg, Lewis M. Popper, Jack E. Freeman, Mary Ann Bishop–Coffee, and Wesley W. Posvar, Defendants.**

**Civ. A. No. 87–2640.**

United States District Court, W.D. Pennsylvania.

June 19, 1991.

Arvum Levicoff, Egler, Anstandig and Garrett, Pittsburgh, Pa., for plaintiff.

W. Thomas McGough, Jr., Reed Smith Shaw and McClay, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

LEE, District Judge.

This case has been transferred to this member of the Court for disposition. Presently pending are Motions for Summary Judgment filed by the defendants.

On or about November 30, 1987, Plaintiff commenced an action against defendants in the Court of Common Pleas of Allegheny County at GD–20670 wherein she seeks compensatory damages, punitive damages and attorneys' fees and costs. The defendants subsequently removed the action to this Court under the provisions of 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1441. In particular, Count VI of the Complaint purports to state a cause of action under 42 U.S.C. § 1982 and 42 U.S.C. § 1985.

Plaintiff's Complaint arises out of the termination of her employment and states claims for civil conspiracy (Count I), violation of the Pennsylvania Whistleblower Law (Count II), wrongful discharge (Count III), defamation (Count IV) intentional infliction of emotional distress (Count V) and violation of plaintiff's civil rights (Count VI), and for breach of employment contract.[1]

Until May of 1987, plaintiff was employed as the Assistant Dean of the Honors College at the University of Pittsburgh. On May 13, 1987, G. Alec Stewart, Dean of the Honors College and plaintiff's immediate supervisor, informed her that her employment would be terminated effective June 30, 1987.

In her Preliminary Statement to the Complaint, plaintiff claims she was terminated as a result of defendants' "improper intent to deter or sanction her for reporting information to the police concerning the sale and distribution of drugs, and for urging the administration for the University of Pittsburgh, and certain of the named defendants, to recognize and undertake efforts to uncover and eradicate the pervasive sale and use of illegal drugs within the university between and among university employees and students." Conversely, defendants maintain their actions were precipitated by the need for a departmental reorganization.

A Stipulation of Partial Dismissal was entered into by the parties which provides for the following:

1. The dismissal of all claims against the following individual defendants: Jack L. Daniel, Donald M. Henderson, Jerome Rosenberg, Lewis M. Popper, Jack E. Freeman, and Mary Ann Bishop–Coffee;

2. The dismissal of the following claims in plaintiff's Complaint: Civil Conspiracy (Count I), Defamation (Count II), Intention-

---

1. Defendants have asserted in their statement of material facts that plaintiff has not alleged that she had an employment contract with the University. While it is true that no count of the Complaint is captioned "Breach of Employment Contract," nevertheless, it would appear that Paragraphs 45 to 63 of the Complaint adequately plead a breach of contract claim.

al Infliction of Emotional Distress (Count III), and Civil Rights (Count VI);

3. The dismissal of the wrongful discharge claim at Count II of the Complaint as to defendants G. Alec Stewart and Wesley Posvar.

It was the stated intention of the parties that the Stipulation would result in the dismissal of all claims except the following: breach of employment contract and wrongful discharge against the University of Pittsburgh and violation of the Whistleblower Law against the University of Pittsburgh, G. Alec Stewart and Wesley Posvar.

Accordingly, four issues of state law remain for the Court's disposition. In short order, these are: (1) The University's Motion for Summary Judgment on the breach of contract claim, (2) the University's Motion for Summary Judgment on the wrongful discharge claim, (3) Wesley Posvar's Motion for Summary Judgment on the claim for violation of the Whistleblower Law, and (4) the Motions for Partial Summary Judgment of the University, Posvar, and Stewart regarding the availability of punitive damages for violation of the Whistleblower Law.

*Jurisdiction over Pendant Claims* [2]

■ The adjudication of a pendant state law claim is not a matter of right, but is one left to the sound discretion of the trial judge. *Aldens Inc. v. Packel*, 524 F.2d 38, *cert. denied* 425 U.S. 943, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1975). In *Lovell Manufacturing v. Export–Import Bank of the United States, et al.*, 843 F.2d 725, 734 (3d Cir.1988), the Third Circuit observed that "once all federal claims have been dropped

from a case, the case simply does not belong in federal court." *See Shaffer v. Bd. of School Directors*, 730 F.2d 910 (3d Cir. 1984); *Shaffer v. Bd. of School Directors*, 687 F.2d 718, 722–23 (3d Cir.1982), *cert. denied*, 459 U.S. 1212, 103 S.Ct. 1209, 75 L.Ed.2d 449 (1983); *Weaver v. Marine Bank*, 683 F.2d 744 (3d Cir.1982).

■ Because the sole question of federal law i.e. plaintiff's civil rights claim at Count VI is resolved, no question of federal law remains in this action. In deciding whether or not to exercise pendant jurisdiction, we are satisfied that none of the remaining claims either involve or are closely tied to questions touching upon federal policy. Indeed, the focus of plaintiff's position, as it now stands, concerns the Whistleblower Law and her contract rights, if any, under the University's employee handbook. In our view, these claims embrace unclear and unique issues of law of a particular interest to Pennsylvania which are better left to the attention of the Commonwealth's appellate courts.

We have considered the posture of this case with an eye toward identifying any extraordinary circumstances which would make it appropriate for the Court to retain jurisdiction. No such circumstances have been found. Therefore, the plaintiff's state law claims will be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania for disposition.

Pursuant to the stipulation of the parties, an Order will be entered dismissing all of the plaintiff's claims, except the following:

---

**2.** Several recent changes in Federal law relating to Federal court jurisdiction are contained in the Federal Courts Study Committee Implementation Act of 1990, Public Law No. 101–650, Title III (December 1, 1990), and are generally effective as of the date of the enactment of the act, December 1, 1990. Section 310 of the act amends chapter 85 of Title 28, United States Code, by adding a new section 1367 relating to supplemental jurisdiction of claims.

While § 1367 is expressly only applicable to civil actions commenced on or after the date of enactment (December 1, 1990), it is noted that it does codify many of the prior court decisions with regard to a district court's declination of the exercise of jurisdiction.

28 U.S.C. § 1367 in pertinent part provides:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim that under subsection (a) if—

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are no other compelling reasons for declining jurisdiction.

(i) Plaintiff's breach of employment contract and wrongful discharge against the University of Pittsburgh;

(ii) Plaintiff's claim for violation of the Whistleblower Law against the University of Pittsburgh, G. Alec Stewart and Wesley Posvar.

Moreover, the Order will remand those claims to the Court of Common Pleas of Allegheny County, Pennsylvania.